UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHNATHAN LUTHER HILL,

    Petitioner,

  v.

UNITED STATES OF AMERICA,

    Respondent.

Case No.  CV05-5621RBL
              CR95-174RBL

ORDER

      THIS MATTER comes on before the above-entitled Court upon Defendant's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241.

      Defendant previously filed a petition under 28 U.S.C. §2255 in C99-5684JET (Dkt. #1). That petition was denied on July 11, 2000 (Dkt. #17). Defendant's request for a certificate of appealability was denied by the Ninth Circuit Court of Appeals on February 20, 2001 (Dkt #20).

      Defendant filed a Motion for Writ of Error Audita Querela on March 2, 2005 (Dkt. 108) in case no. C95-0174JET, which was denied by this Court on May 12, 2005 (Dkt. No. 110). Defendant's request for authorization to file a second or successive section 2255 petition was denied by the U.S. Court of Appeals for the Ninth Circuit on July 14th, 2005 in Case No. 05-72905.

      On August 18, 2005, petitioner filed a petition for writ of habeas corpus under 28 USC §2241 in the United States District Court for the District of Oregon, Eugene in case no. 6:05-cv-

ORDER - Gunning - 1

01292-AA, <u>Johnathan Luther Hill v. United States of America</u>, et al.  The case was assigned to Judge Ann L. Aiken.  Judge Aiken filed an order on September 14, 2005, transferring that case to the United States District Court for the Western District of Washington for all further proceedings.  (Case No. 05-1292-AA, Dkt. 3,4).

Petitioner now seeks to apply <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), and <u>Bockting v. Bayer</u>, No. 02-15866 (February 22nd 2005), which retroactively applied <u>Crawford</u> in a habeas petition, to challenge his conviction and sentence.

Petitioner claims that his detention is unlawful in violation of the Confrontation Clause of the United States Constitution, the U.S. Sentencing Guidelines, and the federal rules of criminal procedure.  Specifically, Petitioner argues that his sentence was improperly enhanced by 2 points for possession of a gun in connection with the underlying offense, based on the hearsay statement of an unidentified informant who was not subject to cross-examination.    Petitioner requests re-sentencing without the two-point gun enhancement.

Defendant's challenge is directed at the legality of his sentence.  Ordinarily, such a claim must be brought pursuant to 28 U.S.C. §2255.  <u>Doganiere v. United States</u>, 914 F.2d 165 (9th Cir. 1990).  Under the AEDPA, a Defendant is prohibited from filing a second or successive habeas petition without prior authorization of the Ninth Circuit Court of Appeals.

A narrow exception exists to the AEDPA's limitation on second or successive petitions.  Section 2255 provides that a federal prisoner may seek habeas relief under 28 USC §2241 if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255.  <u>Triestman v. United States</u>, 124 F.3d 361 (2d Cir. 1997).

A remedy is inadequate or ineffective if the claim barred under 2255 is that the Petitioner is "actually innocent" of the crime of conviction; that is, Defendant stands convicted of conduct that a new decision establishes is not a crime. <u>United States v. Lorentsen</u>, Civ. No. 97-897-ST (D. Or. March 25, 1998) (Lorentsten II); <u>Davis v. Crabtree</u>, 10 F.Supp. 2d 1136 (D. Or. 1998).  This

ORDER - Gunning - 2

exception has only been applied where Petitioner has alleged a Bailey claim.  See Bailey v. United States, 516 U.S. 137, 144 (1995) (court alters interpretation of statute defendant was convicted of, clarifying that his conduct not a crime).

Defendant's claim is not one of actual innocence as in Bailey and Lorentsen II.  Thus, his petition does not fall within the narrow class of cases in which a §2241 petition is an appropriate vehicle to challenge the validity of his sentence.  28 U.S.C. §2255 is the appropriate vehicle from which Defendant must challenge his conviction and sentence.  Since Defendant has previously filed a 2255 petition, this Court finds that Defendant's present claim is barred as second or successive.  Defendant's motion is DISMISSED.

IT IS SO ORDERED.

DATED this 22nd day of March, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - Gunning - 3